Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, affirms the Opinion and Award of the deputy commissioner.
Plaintiffs Motion to Add and Review Evidence on Appeal to the Full Commission is DENIED.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing as:
 STIPULATIONS
1. At all times relevant to this claim, the parties were subject to and bound by the Workers Compensation Act.
2. The parties stipulated into evidence exhibits one and two, a packet of medical records and discovery responses, respectively.
3. Received into evidence in this case were plaintiffs exhibit one, his 1099 forms from 1996 and 1997, and exhibit two, his federal tax returns for 1996 and 1997.
4. The sole issue for determination in this proceeding concerns whether plaintiff was covered under defendant-contractors workers compensation policy on 19 September 1997, and, if so, whether defendant-contractor is liable for payment of benefits for an alleged injury by accident sustained by plaintiff that day.
***********
Based upon all of the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. Plaintiff is a self-employed drywall finisher who has hung drywall for approximately twelve years. Plaintiff does not work for a particular company or individual. Instead, plaintiff contracts with various contractors to perform this work. Plaintiff primarily contracts for work in new residential buildings. As part of his drywall business, plaintiff has occasionally hired and paid others to help him hang sheetrock for particular jobs.
2. In the past, plaintiff carried workers compensation coverage, but he has worked without coverage since 1993. Plaintiff believed that he was covered for workers compensation purposes under the policies of the general contractors with whom he contracted.
3. Plaintiff is not paid by the hour, but is paid by the footage or by the "board, the latter meaning by each piece of sheetrock hung. When plaintiff hired workers to assist him in a particular job, he compensated them by the board as opposed to by an hourly basis.
4. In his drywall finishing business, plaintiff typically set his own hours, with the general contractor telling him the completion date for the project. Plaintiff usually had the discretion to hire workers to assist him with the project, although sometimes the general contractor would make this decision. While the general contractor checked on plaintiffs job upon its completion, plaintiff was primarily responsible for supervising his own work and the work of any individuals he hired to assist with the job. Plaintiff purchased his own materials needed for a particular project, and the general contractor subsequently reimbursed him for the materials.
5. Defendant-contractor had no employees working for the business on a continual basis. Instead, defendant-contractor employed subcontractors on a job-by-job basis.
6. Prior to September 1997, plaintiff performed work for defendant-contractor on five or six jobs. In September 1997, defendant-contractor hired plaintiff to hang drywall at a residential construction site. On this particular job in September 1997, plaintiff employed several individuals to assist him with the project. Defendant-contractor paid plaintiff by the board for this job, and plaintiff also paid his workers on a quantitative basis.
7. On 19 September 1997, while hanging sheetrock for defendant-contractor, plaintiff injured both his knees and his low back when he stepped on a bucket lid, causing the four feet stilts on which plaintiff was standing to slide apart.
8. Prior to beginning work in September 1997 for defendant-contractor, plaintiff did not have a specific conversation with Von Robertson, defendant-contractors owner, regarding workers compensation coverage for the project, although the two had discussed the subject in general on several previous occasions. Plaintiff had the understanding that he would be covered for workers compensation purposes through defendant-contractors policy. Mr. Robertson did not believe that plaintiff would be covered under defendant-contractors workers compensation policy, as plaintiff previously had indicated to Mr. Robertson that he did not want premiums for compensation coverage taken out of his paycheck.
9. Defendant-contractor did not deduct taxes or workers compensation premiums from plaintiffs paycheck. Instead, defendant-contractor provided his subcontractors with an IRS 1099 Miscellaneous Income Form each year. Defendant-contractor provided plaintiff with the 1099 forms for at least the years of 1996 and 1997.
10. Mr. Robertson knew that plaintiff did not have a certificate of workers compensation coverage, and he did not require plaintiff to have such a certificate prior to contracting plaintiffs services.
11. There is insufficient record of evidence to establish that defendant-contractor insured all of its contractors and their employees under a blanket workers compensation policy.
***********
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff did not establish by the greater weight of the competent evidence that he was an employee of defendant-contractor at the time of his injury on 19 September 1997. Plaintiff set his own hours, hired his own workers, supervised the work that he and his workers performed, and he was paid on a quantitative rather than an hourly basis. The evidence of record supports that plaintiff was employed as an independent contractor by defendant-contractor, and therefore plaintiff is not covered by the Act. G.S. 97-2(2); Hayes v. Elon College, 224 N.C. 11,29 S.E.2d 137 (1944).
2. On 19 September 1997, plaintiff, who had individually contracted with defendant-contractor to finish drywall for a residential project, was not an employee of any subcontractor for this project, and therefore was not covered by the Act. G.S. 97-2(2); G.S. 97-19.
3. A contractor, who hires a subcontractor without requiring that subcontractor to provide a certificate stating that the subcontractor has complied with G.S. 97-93, shall be liable for compensation and other benefits to any employee of the subcontractor due to an accident arising out of and in the course of the performance of the work. In this case, plaintiff failed to establish by the competent evidence of record that he was an employee of a subcontractor hired by defendant-contractor. Although defendant-contractor should have required a certificate of coverage before hiring plaintiff, plaintiff is not entitled to recover benefits under defendant-contractors policy for his injury by accident sustained on 19 September 1997. G.S. 97-19.
4. The evidence fails to show that defendant-contractor had a blanket workers compensation policy that covered plaintiff. Consequently, plaintiff is not entitled to compensation under defendant-contractors policy. G.S. 97-19.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiffs claim for compensation under the Act is denied.
2. Each side shall pay its own costs.
 S/_______________ RENE´E C. RIGGSBEE COMMISSIONER
CONCURRING:
S/_______________ DIANNE C. SELLERS COMMISSIONER